UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LARRY D. JONES, JR., | ) | CASE NO. 1:09 CV 1740 |
| | ) | |
| Petitioner, | ) | JUDGE SARA LIOI |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| J. T. SHARTLE, | ) | |
| | ) | |
| Respondent. | ) | |

*Pro se* petitioner Larry D. Jones, Jr. filed a petition pursuant to 28 U.S.C. § 2241. He seeks an order from this court vacating his sentence. For the reasons set forth below, the petition is dismissed.

## BACKGROUND

Mr. Jones pleaded guilty to violating 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 851 in the United States District Court for the Northern District of Iowa. *See United States v. Jones*, CR05-3010 (N.D. Iowa). He did not appeal his sentence, but filed a motion to vacate or set aside on December 26, 2006 pursuant to 28 U.S.C. § 2255. Petitioner argued his right to due process was violated and he suffered from ineffective assistance of counsel. The district court denied his motion on September 19, 2007.

The present petition is a recitation of facts Mr. Jones believes entitle him to a court order vacating the indictment, conviction and sentence imposed on him. Attacking his trial attorney, the search of his vehicle and the procedures leading to his conviction, Mr. Jones cites the Supreme Court's recent *Arizona v. Gant*, __U.S.__, 129 S. Ct. 1710 (2009) decision as "directly on point with issue before Magistrate Judge Zoss at suppression hearing 5-16-05." (Pet. at ¶ 4(b).) Beyond a recitation of facts explaining the weakness in the prosecution's case, Mr. Jones fails to allege this court's subject matter jurisdiction over his petition. While he states he is entitled to relief through the safety valve provision of 28 U.S.C. § 2255, he has not sufficiently alleged that his remedy under that statute is inadequate or ineffective.

SAFETY VALVE PROVISION

Congress amended 28 U.S.C. § 2255 in 1948 to allow the court that imposed a sentence, rather than the court that happened to have jurisdiction over the prisoner's custodian, to hear a collateral attack on that sentence. Although § 2255 was again amended in 1996 by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (1996), it retained the crucial amendment passed in 1948 by the Judicial Conference, and thus currently provides in the fifth paragraph, that:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C.S. § 2255 (2009). This safety valve, wherein a federal prisoner may bring a §

2241 claim challenging his conviction or imposition of sentence, is only available when it appears that the remedy afforded under § 2255 is "inadequate or ineffective to test the legality of his detention." *Accord United States v. Hayman*, 342 U.S. 205, 223 (1952); *In re Hanserd*, 123 F.3d 922, 929 (6th Cir.1997). The remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). Nothing in the petition suggests Mr. Jones's remedy under § 2255 is inadequate or ineffective. It is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision, *see, e.g., Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir.1999) (per curiam), because § 2255 relief has already been denied, *see In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997), *Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir. 1988), because the petitioner is procedurally barred from pursuing relief under § 2255, *see In re Vial*, 115 F.3d 1192, 1194 n. 5 (4th Cir.1997); *Garris v. Lindsay*, 794 F.2d 722, 726-27 (D.C. Cir. 1986) (per curiam), or because the petitioner has been denied permission to file a second or successive motion to vacate. *See In re Davenport*, 147 F.3d 605, 608 (7th Cir.1998).

The fact that *Gant* may be 'on point' with regard to the facts surrounding Mr. Jones's conviction does not justify this court's review. It is only when a prisoner can show that an intervening change in the law establishes his "actual innocence" that the Sixth Circuit has permitted him to invoke the savings clause of § 2255 and proceed under § 2241. *Lott v. Davis*, No. 03-6172, 2004 WL 1447645, at *2 (6th Cir. June 18, 2004) ("it appears that a prisoner must show an intervening change in the law that establishes his actual innocence in order to obtain the benefit of the savings clause"); *see Martin v. Perez*, 319 F.3d 799, 804 (6th Cir.2003); *United States v. Peterman*, 249 F.3d 458, 462 (6th Cir. 2001)

("Without determining the exact scope of the savings clause, we conclude that defendants' claims do not fall within any arguable construction of it because defendants have not shown an intervening change in the law that establishes their actual innocence."). The court has clarified that actual innocence requires that a "'petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.'" *Martin*, 319 F.3d at 804 (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). Here, "actual innocence" means factual innocence, rather than mere legal insufficiency, which is what the *Gant* opinion addresses. *Id*. Mr. Jones is not arguing that illegal drugs were not found in his vehicle, but that the Fourth Amendment prohibited a search to discover this contraband. This is not an actual innocence claim, however, under *Bousley*.

The Supreme Court provides that "a new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases, state or federal, *pending on direct review or not yet final*, with no exception for cases in which the new rule constitutes a 'clear break' with the past," *Griffith v. Kentucky*, 479 U.S. 314, 328 (1987) (emphasis added). Whether Mr. Jones is entitled to such consideration is not a matter before this court; nor, for the reasons set forth above, is it a basis upon which he is entitled to proceed through § 2255's safety valve.

CONCLUSION

For the foregoing reasons, this action is dismissed pursuant to 28 U.S.C. § 2243.[1] The court certifies that an appeal from this decision could not be taken in good faith.[2]

**IT IS SO ORDERED**.

Dated: November 13, 2009

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

[1] The statute provides, in relevant part:

* * *

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ . . . , *unless it appears from the application that the applicant or person detained is not entitled thereto.*

28 U.S.C. § 2243 (emphasis added).

[2] 28 U.S.C. § 1915(a)(3) provides: "An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith."